BONIN, J.,
concurs specially on Assignment of Error No. 1 with Reasons.
I specially concur in the treatment of assignment of error number 1 because as a judge of an inferior court I am subject to the latest expression of constitutional interpretation provided by the United States Supreme Court.
For a little while the highest court in our land had restored the protection of the Sixth Amendment’s right to confront one’s accuser to its intended purpose and practice. See Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). But along comes Williams v. Illinois, and what was “an open-and-shut case” under Supreme Court precedents beginning with Crawford now puts forensic evidence beyond the reach of the Confrontation Clause. Williams v. Illinois, 547 U.S. -, 132 S.Ct. 2221, 2265, 183 L.Ed.2d 89 (2012) (Kagan, J., dissenting, joined by Scalia, Ginsburg, and Sotomayor, JJ.). Regrettably, as noted by the dissenters in Williams, there are five votes to approve the admission of the kind of evidence which we approve in this case, “but not a single good explanation.” Id. So, I say au revoir but not good-bye to Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009) and Bullcoming v. New Mexico, 564 U.S. -, 131 S.Ct. 2705, 180 L.Ed.2d 610 (2011).